IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| D.Y.E.H., : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | CASE NO.: 7:25-CV-201 (WLS-AGH) |
| : | |
| Warden, IRWIN DETENTION : | |
| CENTER, *et al.*, : | |
| : | |
| Respondents. : | |
| : | |

**ORDER**

Before the Court is Petitioner's Emergency Motion to Enforce Judgment and to Show Cause re: Contempt ("Motion") (Doc. 12), filed on February 16, 2026. Therein, Petitioner moves the Court to enforce is previous Order (Doc. 10) which granted Petitioner's Habeas Petition (Doc. 1) to the extent the Court ordered Respondents to provide Petitioner with a bond hearing. Petitioner contends that Respondents violated the Court's Order by failing to provide Petitioner with a "constitutionally valid" bond hearing. (Doc. 12 at 1). Petitioner seeks a contempt finding and release from detention, as well as a hearing on his Motion. (*See id.*)

Upon review, the Court finds that supplemental briefing on the issues raised in Petitioner's Motion is necessary. Specifically, on the issue of whether the Court has jurisdiction to review the discretionary decision of an immigration judge in light of § 1226(e)'s ban on judicial review of such decisions. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). The Court notes that it is aware of motions filed in other cases within the Middle District which raise similar issues to those raised in Petitioner's Motion. The Court finds supplemental briefing appropriate here to facilitate the Court's consideration and adjudication of the Motion and the issues raised therein.

1

Accordingly, the Parties are **ORDERED** to each submit a supplemental brief, with citation to proper authority, addressing the issues described above **within fourteen (14) days** of the entry of this Order, or **by no later than Tuesday, March 17, 2026**.[1] The briefs shall be no longer than ten (10) pages, excluding signature pages and service certification. No reply or further briefing is authorized except if authorized by further Order. Upon review of the Parties' submissions, the Court will determine whether a hearing on Petitioner's Motion is necessary, and if so, a hearing will be scheduled by separate notice or Order.

**SO ORDERED**, this 3rd day of March 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court notes that, as of the entry of this Order, Respondents have not filed a response to Petitioner's Motion. Their deadline to respond is Monday, March 9, 2026. *See* M.D. Ga. L.R. 7.2. As such, Respondents may incorporate their arguments on the issues set forth in this Order into a single response brief, not to exceed thirty (30) pages, or they may file a response to the Motion and a separate supplemental brief addressing the jurisdictional issue, if they choose to do so.

2